Samuel H. Potter, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

Gen. No. 6,554.    (Not to be reported in full.)

Appeal from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 25, 1918.

## Statement of the Case.

Action by Samuel H. Potter, plaintiff, against Cleveland, Cincinnati, Chicago & St. Louis Railway Company, defendant, to recover the value of two horses killed by one of defendant's freight trains after getting through a gate in the right of way fence and onto the railroad tracks. From a judgment for plaintiff for $500, defendant appeals.

FREE P. MORRIS, EUGENE P. MORRIS and ROSCOE C. SOUTH, for appellant; L. J. HACKNEY and FRANK L. LITTLETON, of counsel.

A. F. GOODYEAR, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 874*—*when gate to right of way shown to be insufficient to keep out horses.* A slide gate opening into a railroad right of way is shown to be insufficient to keep out horses on the adjoining land where such gate consists of parallel boards at the top and bottom nailed to uprights and a brace extending diagonally across the gate, and the evidence tends to show that the brace is insufficient, and it further appears that the gate is covered with wire netting; that the gate slides on cleats nailed to two posts placed a few inches apart at each of the ends; that the cleat

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

at the opening end was smooth; that the bottom of the gate was above the ground; that the post at the opening end nearer the right of way was smooth and that the top board was old, cracked, broken, and worn smooth and extended an insufficient distance over the cleat between the posts, rendering it easy for a horse to open the gate by rubbing against the end of the top board where it projected over the cleat.

2. WITNESSES, § 257*—when signed statements are admissible to affect credibility of witness. Statements prepared by agents of a railroad company and signed by the owner of horses killed on the railroad right of way as the result of getting through a defective gate, one of which was that the gate was left open by an unknown party, and the other that the owner thought some one had slid the gate open and did not close it, as it would be impossible for horses to open the gate, were admissible to be considered as affecting the testimony of the signer that when preparing the statements the agents talked much to him and that he understood that they were about to settle with him for the horses and that he looked over the papers hastily and did not know that these statements were contained therein when he signed them, that he did not say such things to the agents and that they were untrue.

3. EVIDENCE, § 281*—when newspaper article is incompetent. A newspaper article stating that the owner of horses killed by a train as the result of getting through a gate leading to the railroad right of way stated in an interview that he thought careless hunters left the gate open is inadmissible, in an action to recover for the death of the horses, where the editor who wrote the article was a witness and testified that at the time he interviewed the owner and others, but that he could not then remember from whom he got the information contained in the article.

4. RAILROADS, § 306*—when notice warning hunters to keep off premises is inadmissible. A notice warning hunters to keep off the premises of several persons, including that of one whose horses were killed by a train as the result of getting through a defective gate to the right of way, which notice was posted along the track a half mile from the place of the accident, is inadmissible in an action to recover for the loss of such horses, although it is the contention of the defendant that some careless hunters left the gate open.

5. TRIAL, § 302*—when modification of proposition of law is proper. A proposition of law tendered by the defendant, in an action by the owner of horses against a railroad company for the loss of such horses due to their getting through a defective gate onto the right of way and being killed by a train, that the burden

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was upon plaintiff to show that the gate was opened after 3 o'clock of the preceding day, was properly modified so as to omit reference to the hour where, if such proposition had been given as tendered, the effect thereof would have been the equivalent to saying that the testimony of a witness for defendant, who had testified that he passed by the gate at 3 o'clock of the afternoon of the day preceding the accident and the gate was then closed, was true.